

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

JULIAN SCOTT HARRELL,

Petitioner,

v.

RALPH DIAZ, Warden,

Respondent.

No. CV 14-2213-SVW (PLA)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**I.**

**INTRODUCTION**

On January 7, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") in this matter in which he recommended that the Petition be dismissed as time barred. On February 13, 2015, petitioner filed his objections to the R&R ("Objections" or "Obj."), in which he asserted, among other things, that his claims show that he is actually innocent and that "the[re] is newly discovered evidence in this case." (Obj. at 2). As it appeared to the Magistrate Judge that petitioner was attempting to overcome the statute of limitations time bar pursuant to the "actual innocence" exception set forth in Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), petitioner was given the opportunity to file supplementary objections specifically addressing his claims of actual innocence, "including but not limited to, a detailed account of the

new evidence he has discovered -- such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial, and the impact of the new evidence on the reliability of his conviction." (Dkt. No. 21 at 2). On March 19, 2015, petitioner filed his supplemental objections addressing his actual innocence claim ("Supplemental Objections" or "Supp'l Obj."). (Dkt. No. 22).

**II.**

**DISCUSSION**

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . [the] expiration of the statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). That Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup, 513 U.S. at 329); see also House v. Bell, 547 U.S. 518, 522, 126 S. Ct. 2064, 2068, 165 L. Ed. 2d 1 (2006) (the exception applies in "certain exceptional cases involving a compelling claim of actual innocence"). To pass through the actual innocence gateway, a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 883 (9th Cir. 2003). A petitioner must "support his allegations of constitutional error with *new reliable evidence* -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324 (emphasis added).

In his Supplemental Objections, petitioner raises two "incidents" in support of his actual innocence claim.

First, petitioner contends that in the hallway after trial, two of the trial jurors told trial counsel and petitioner's mother that if they had known that co-perpetrator, Lazaro Castro, had confessed to being the shooter, the "outcome would have been different." (Supp'l Obj. at 1). However, the

Court is precluded from considering such statements. See Fed. R. Evid. 606(b); Cal. Evid. Code § 1150(a); United States v. Bagnariol, 665 F.2d 877, 884-85 (9th Cir. 1981) ("[Jurors] may not be questioned about the deliberative process or subjective effects of extraneous information, nor can such information be considered by the trial or appellate courts."); Sassounian v. Roe, 230 F.3d 1097, 1108-09 (9th Cir. 2000) ("A long line of precedent distinguishes between juror testimony about the consideration of extrinsic evidence, which may be considered by a reviewing court, and juror testimony about the subjective effect of evidence on the particular juror, which may not."). Indeed, the California Court of Appeal also declined to consider the evidence of the jurors' statements because California Evidence Code 1150 states that "no evidence is admissible to show the effect of statements, conduct, conditions, or events 'upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which [the verdict] was determined.'" (Lodgment No. 4 at 12 n.12 (alteration in original; citation omitted)). Accordingly, petitioner has not met his burden of showing that evidence of the jurors' statements is either new or reliable evidence that the Court may consider in connection with petitioner's claim of actual innocence.

To the extent petitioner may be contending that Castro's statements themselves constitute new or reliable evidence that should have been admitted at trial, his claim also fails. As background, following his arrest, Castro, who was tried separately, admitted to being the shooter during a police interview, but also made statements that the shooting was done in self defense. (Lodgment No. 4 at 7-12). Petitioner also asserts that Castro allegedly told the officer that the shooting was not gang related. (Supp'l Obj. at 2). The trial court granted the prosecutor's motion to exclude Castro's statements, and denied petitioner's motion for reconsideration, "on the ground that the statement was made with the intention of avoiding criminal liability and was exculpatory, thus rendering the statement unreliable." (Lodgment No. 4 at 8). Petitioner contends that Castro's confession was corroborated by Castro's girlfriend, co-perpetrator Shavante Delarosa, who testified for the prosecution in both Castro's and petitioner's trials, pursuant to a plea bargain, in exchange for a twelve-year sentence. (Supp'l Obj. at 1). Petitioner argues that Castro's statements and Delarosa's testimony together show that all the "claims, charges and elements

against Petitioner were wrong!" (Supp'l Obj. at 1-2). It is clear, however, that Castro's out-of-court statements do not constitute *new* evidence. Indeed, these statements, which were available at petitioner's trial, and which defense counsel argued should be admitted at trial, were nevertheless excluded by the trial court.[1] (Lodgment No. 4 at 8).

Moreover, the issue of the admissibility of Castro's confession also was considered and rejected by the California Court of Appeal. In finding that any error in excluding Castro's statements was harmless, the California Court of Appeal noted that the jury had before it the evidence that Castro was the shooter: Brandon, a witness to the shooting, testified it was Castro who kept reaching for Delarosa's purse (in which there was a gun), and who said "I should smoke him [the victim]"; Delarosa testified that it was Castro who pulled the gun from her purse; the prosecutor never expressly argued that petitioner was the shooter and, indeed, the trial court had prohibited the prosecution from arguing that anyone except Castro was the shooter because the prosecution had taken the position at Castro's trial that Castro was the shooter; and, in closing arguments, the prosecutor argued that petitioner was an aider and abettor under the natural and probable consequences doctrine.[2] (Lodgment No. 4 at 11-12).

---

[1] Castro's statements were admitted at his own trial. (Lodgment No. 4 at 8).

[2] The Court notes that petitioner, who was convicted of first degree murder as an aider and abettor, raised a claim in the California Court of Appeal and in the California Supreme Court that the jury was improperly instructed on murder as a natural and probable consequence of the target crimes (CALCRIM 403), and that petitioner was prejudiced by instructing the jury with CALCRIM 400, which has since been modified to remove misleading language. (Lodgment No. 4 at 12-18; Lodgment No. 5 at 12-30). Petitioner did not specifically raise that claim in his Petition herein. (See, e.g., Pet. at 21 (raising issue of aiding and abetting and improper instruction with CALJIC No. 301).) Although the California Court of Appeal denied petitioner's claims on the merits (Lodgment No. 4 at 12-18), on December 12, 2012, the California Supreme Court specifically denied petitioner's petition for review "**without prejudice to any relief to which defendant might be entitled after this court decides *People v. Chiu*, S202724**." (Lodgment No. 6 (emphasis added)). The California Supreme Court decided Chiu on June 2, 2014, more than two months *after* the Petition herein was filed. Chiu, 59 Cal. 4th 155 (2014). In Chiu, the court held that an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine. Id. at 166. From the Court's review of the state court's website, **it appears that petitioner has not yet raised his Chiu claim in the California Supreme Court despite that court leaving open the option for him to do so**. Thus, even if petitioner had

(continued...)

Accordingly, petitioner has not met his burden of showing that Castro's out-of-court statements are new or reliable evidence that the Court may consider in connection with petitioner's claim of actual innocence.

Second, petitioner argues that there was another eyewitness to the incident whose "name was brought up during trial" and, who, based on statements to "a prior private investigator," would have testified that petitioner had no gun, was in no physical altercation, and only ran to see a fight and then ran when he heard a shot fired. (Supp'l Obj. at 2). Petitioner stated that the "prosecution and trial counsel agreed not to call this witness because she stole some makeup in another state, and felt that her testimony would not be credible." (Id.). Again, based on petitioner's own admissions, this is not *new* reliable evidence that was not available at the time of trial -- it just was evidence that the prosecutor and/or trial counsel determined would not be used at trial.

Based on the foregoing, petitioner has not met his burden of presenting any "new reliable evidence" as required by Schlup. Thus, petitioner's assertion of actual innocence fails.

## III.

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the magistrate judge's report and recommendation, and petitioner's objections and supplemental objections to the report and recommendation. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

/

/

/

---

[2](...continued)
moved herein to amend his Petition to raise the Chiu claim, the Court would have had to deny such a motion because the Chiu claim is unexhausted.

ACCORDINGLY, IT IS ORDERED:

1. The report and recommendation is accepted.
2. Respondent's Motion to Dismiss is granted.
3. Judgment shall be entered consistent with this order.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: October 8, 2015

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE